NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0036n.06

No.  12-3435

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jan 08, 2013**
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| KATHRYN L. NOLAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS JENKINS, SR., Sheriff; J. FISHER, | ) | |
| Officer; M. WHALEY, Officer; VILLAGE OF | ) | ON APPEAL FROM THE |
| CHESTERHILL; RICHARD WETZEL, Mayor; | ) | UNITED STATES DISTRICT |
| KATHY SMEDLEY; TIM MATHENEY; KEN | ) | COURT FOR THE SOUTHERN |
| PETERS; RANDY CUNNINGHAM; TONYA | ) | DISTRICT OF OHIO |
| MAYLE TABLER; BARBIEL SAUNDERS; | ) | |
| ASHLEE CUNNINGHAM, Town Council Members; | ) | |
| KAYE APPLEMAN, Clerk; MAGISTRATE OF | ) | |
| MAYOR'S COURT, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Kathryn Nolan, a pro se Ohio resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Nolan resides in the Village of Chesterhill, Ohio, in a home owned by a friend.  Nolan has lived there for at least five years.  Nolan was charged with several violations of the local nuisance code resulting from the upkeep and appearance of the property.  The local magistrate of the mayor's court found Nolan guilty of the violations and ordered her to pay fines and costs in the amount of $735.00.  *See* Ohio Rev. Code § 1905.01(A).  Nolan did not pay the fines and did not correct the violations.  As a result, the magistrate held a contempt hearing on April 30, 2008, at which time the magistrate found Nolan in contempt of court for failure to pay the fine and costs.  The court gave

Nolan until June 1, 2008, to pay the fines and costs in full, or she would serve a ten-day jail sentence for failure to comply with the court's order. The court also provided Nolan with an opportunity to purge the contempt finding by paying a reduced fine of only $200.00 and resolving all of the violations by June 1, 2008. A Village council member was instructed to provide Nolan with a list of the necessary corrections. Nolan was informed that if she did not agree with the Village's requested corrections, or if she believed that the Village was unreasonably withholding its approval of her correction efforts, she could petition the court before June 1, 2008.

Three days after the contempt hearing, Nolan met with Village representatives at her property to discuss the items that needed to be corrected. However, the Village did not give Nolan a physical list of the necessary corrections until weeks later, and a Village representative did not appear for scheduled meetings. Nolan did not fix the violations or pay the full or reduced fine before June 1, 2008. Weeks after the court's deadline, however, she began paying the fine in ten dollar increments. Subsequently, the magistrate issued a warrant for her arrest.

In October, a police officer arrested Nolan and transported her to meet another police officer, who ultimately transported her to jail. According to Nolan, she requested documentation authorizing her arrest. The first officer allegedly stated that the second officer had the paperwork. However, she was allegedly told by the second officer that the jail had the necessary paperwork. Nolan states that she was not shown any paperwork until eight days into her ten-day sentence.

Nolan then filed the instant lawsuit. The district court granted summary judgment to the defendants and this timely appeal followed.

We review the district court's judgment de novo. *Siggers v. Campbell*, 652 F.3d 681, 691 (6th Cir. 2011).

Section 1983 requires that a plaintiff establish "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Nolan alleges that her

constitutional rights were violated because she was falsely arrested, that she was falsely imprisoned, and that she was denied due process.

"An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment." *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). There is no question that Nolan was arrested pursuant to a facially valid warrant. The warrant, naming Nolan, was signed and dated by the magistrate. The warrant also reflects that the sheriff and the arresting officer signed and dated the warrant on the date that Nolan was arrested. While Nolan claims that she was never shown the warrant during her arrest and that the arresting officers did not have a physical copy of the warrant, she failed to produce any evidence to contradict the defendants' evidence that the warrant is facially valid. Accordingly, the district court properly granted summary judgment to the defendants.

Nolan also contends that it was unreasonable for the court to issue the arrest warrant without her knowledge. The argument is without merit because Nolan was given adequate notice and an opportunity to be heard before the arrest warrant was issued. "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

Nolan's sanction was coercive and avoidable. Nolan could have avoided the jail sentence either by paying the fine in full by June 1, 2008, or by paying a reduced fine and correcting the violations by the same date. The order states that Nolan would be subject to jail time if she failed to comply with the order. Nolan chose to do neither. Her subsequent arrest and jail sentence were a direct result of her continued lack of compliance with the court's order. She was given an opportunity to be heard before being found in contempt, she was given notice about what penalty would result if she chose to continue to disobey the court's order, and she was given an opportunity

to purge the contempt prior to the execution of the penalty. Indeed, she was also given the opportunity to petition the court prior to June 1 for relief from the contempt order. However, Nolan failed to exercise this opportunity and no further process was required. Finally, Nolan's remaining claims are not cognizable under section 1983.

The district court's judgment is affirmed.